UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Javan Moore, | ) | C/A No. 4:13-2454-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| William Byars, and | ) | |
| Monica Parks, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Javan Moore ("Plaintiff") is an inmate at Trenton Correctional Institute, part of the South Carolina Department of Corrections ("SCDC") prison system. He submitted a Complaint to this Court in which he asserts that, during his most recent incarcerative period that ended on February 28, 2003, he was kept in prison for too long and beyond his "max-out date." ECF No. 1, Compl. 3. In his "relief" section, Plaintiff states: "I want to appeal my case under *Al-Shabazz v. State* . . . saying that I was unlawfully incarcerated and held against my will and I seek money for the time I lost while in prison." *Id.* at 5 (citation omitted).

This alleged hold-over sentence was the subject matter of a previous case that Plaintiff filed and pursued in this Court: *Moore v. Doe*, Civil Action No. 4:06-3167-MBS ("Moore I"). In that case, Plaintiff's claim was found to be barred by the applicable statute of limitations; however, the merits of his claim were also considered and found lacking. Summary judgment was entered for the Defendant, and the Fourth Circuit Court of Appeals affirmed the judgment on appeal. *Moore v. Doe*, 329 F. App'x 393 (4th Cir. 2009).

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir.

1990).  Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The relief that Plaintiff seeks: a different result in a case that was previously fully litigated, considered, and decided on the merits – is barred by the doctrine of *res judicata*,[1] which bars re-litigation in a second suit involving the same parties or their privies based on the same cause of action if the court in the first suit issued a judgment on the merits, or raising the same issues while asserting a different cause of action as long as the court fully considered the same issues in the first suit.  *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.5 (1979). The doctrine generally provides that "if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). In *Orca Yachts, LLC v. Mollicam, Inc.*, 287 F.3d 316 (4th Cir. 2002), the Fourth Circuit Court of Appeals stated the following with regard to *res judiciata*:

> Under res judicata principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication. . . . The doctrine of res judicata encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel. . . . The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation "not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." . . . However, issue preclusion is more narrowly drawn and applies when the later litigation arises from a different cause of action between the same parties.

---

[1] The district court may *sua sponte* raise the issue of *res judicata* in special circumstances, such as here, where the previous action was litigated in the same district court, or where all relevant data and legal records are before the court and judicial economy will be served by invoking *res judicata sua sponte*.  *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006); *Carbonell v. La. Dep't of Health & Human Res.*, 772 F.2d 185, 189 (5th Cir. 1985).

> . . . Issue preclusion operates to bar subsequent litigation of those legal and factual issues common to both actions that were "actually and necessarily determined by a court of competent jurisdiction in the first litigation." . . . Thus, while issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgment. Compare *Restatement (Second) of Judgments* § 27 (1980) (when issue of fact or law is actually litigated the determination is conclusive in subsequent action between the same parties) *with* § 17 of the same *Restatement* (a valid final judgment is conclusive between the parties and bars subsequent action on the claim).

287 F.3d at 318 (internal case citations omitted).The three elements required to be shown for *res judicata* to apply are: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions. . . or the same core of operative facts." *In re Varat Enters., Inc.*, 81 F.3d at 1316 (internal citations omitted).

When this court previously addressed Plaintiff's excessive-sentence claim asserted against "John Doe, unknown employee of the South Carolina Department of Corrections" in *Moore I*, it made a final determination on the merits that the claim was barred by the statute of limitations and, alternatively, was simply incorrect in light of SCDC's produced records. *See* Order, *Moore v. Doe*, 4:06-cv-03167-MBS (D.S.C. filed July 21, 2008)(ECF No. 57) (adopting Report and Recommendation filed May 13, 2008) (ECF No. 52)). Also, Plaintiff's claim in the present action against these Defendants arises from the same facts and is based upon the same cause of action asserted in the former action. The current Defendants, both SCDC officials/employees with authority over prisoners' records, are in privity with the Defendants in the previous act: "John Doe, unknown employee of the South Carolina Department of Corrections, who was presumed to have authority over Plaintiff's inmate records. Therefore, all three of the *Coyne & Delany Co.* requirements are met

in the case now under review. If Plaintiff's claim concerning the validity of his prison records regarding his sentence was barred by the statute of limitations in 2008 and incorrect on the merits, it is surely so barred and incorrect five years later and the claim is precluded under the doctrine of *res judicata* and should be summarily dismissed.

Alternatively, if the court found that the cause of action asserted in this case is not exactly the same as the one or ones raised in *Moore I* and that the "claim preclusion" aspect of *res judicata* was, therefore, not applicable, *see Clark v. U.S. Postal Serv.*, No. 3:05 CVV 112, 2005 WL 1871160, * 3-4 (W.D.N.C. July 29, 2005) (distinguishing the two types of preclusion and finding no claim preclusion), Plaintiff's Complaint is still subject to summary dismissal under the "issue preclusion" aspect of the doctrine. Issue preclusion is sometimes referred to as "collateral estoppel," and its operation in a given case requires that "(1) the issue . . . to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum." *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998).

Each of the *Sedlack* issue preclusion factors is shown in this case as affected by the final judgment in *Moore I*. The complaint that Plaintiff submitted in *Moore I* raised identical issues concerning the propriety of prison records regarding his correct max-out date. It was served on counsel for the South Carolina Department of Corrections, an answer and motion for summary judgment was filed by that attorney, and the issues of the untimeliness of Plaintiff's assertion of his claims and lack of merit were clearly asserted in the summary judgment motion and memorandum.

Plaintiff was given notice and full opportunity to respond to the motion for summary judgment and, ultimately, to file objections to the report and recommendation issued by the court and finding Plaintiff's claims to be barred by the statute of limitations and incorrect on the merits. The case was ordered dismissed by the District Judge on the those bases. Plaintiff appealed the final judgment to the Fourth Circuit Court of Appeals, which affirmed this court's final judgment and also denied a motion for rehearing submitted by Plaintiff. Because the same issues that are determinative of the current case were fully litigated in *Moore I*, Plaintiff is barred from raising them again before this court in hopes of getting a different result.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *with prejudice* because it is frivolous and its failure to state a claim upon which relief may be granted cannot be cured through amendment. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Because the Complaint filed in this case clearly fails to state a claim on which relief may be granted and is substantially frivolous, 28 U.S.C. § 1915A(b)(1) is applicable in this case. Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d 391(4th Cir. 2009). Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

November 25, 2013
Florence, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).