IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Javan Moore,                          )
                                      )          No. 4:13-cv-2454-RMG
                Plaintiff,            )
                                      )
        v.                            )
                                      )          **ORDER**
William Byars and Monica Parks,       )
                                      )
                Defendants.           )
_____)

This matter comes before the Court on the Report and Recommendation ("R&R") of the

Magistrate Judge recommending that this Court dismiss this action with prejudice pursuant to 28

U.S.C. §§ 1915(e) and 1915(A). (Dkt. No. 20). For the reasons set forth below, the Court agrees

with and adopts the R&R as the order of the Court.

## Background

Plaintiff, a state prisoner proceeding pro se, filed this action in September 2013 seeking

redress for time he asserts he was incarcerated beyond the limit of his sentence in 2003. (Dkt.

No. 1). Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) DSC, this matter

was automatically referred to a Magistrate Judge for pretrial handling. Under established local

procedure in this judicial district, the Magistrate Judge conducted a careful review of the

complaint pursuant to the provisions of 28 U.S.C. § 1915 and in light of the following

precedents: *Neitzke v. Williams*, 490 U.S. 319 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976);

*Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Magistrate Judge then issued the present R&R recommending dismissal of this action

because it is frivolous and fails to state a claim and further recommending this dismissal be

considered a "strike" under 28 U.S.C. § 1915(g). (Dkt. No. 20). Plaintiff failed to file timely objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record and the R&R, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. The Court agrees that Plaintiff already fully litigated the allegations of this action in *Moore v. S.C. Department of Corrections*, No. 4:06-cv-3167-MBS, 2008 WL 2856979 (D.S.C. July 21, 2008), *aff'd*, 329 Fed. App'x 393 (4th Cir. 2009), and that the doctrines of *res judicata* and collateral estoppel apply to bar this subsequent action.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 20). Accordingly, the Court dismisses this case with prejudice and assigns a "strike" to Plaintiff under 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December __18 2013
Charleston, South Carolina